No. 02-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 276

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

JOHN E. MURPHY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC 2001-240
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Vincent Vanderhagen, Public Defender Office, Great Falls, Montana

      For Respondent:

         Mike McGrath, Montana Attorney General, Ali N. Shephard, Assistant
Montana Attorney General, Helena, Montana; Brant Light, Cascade County
Attorney, John Parker, Deputy Cascade County Attorney, Great Falls,
Montana

Submitted on Briefs: October 31, 2002

Decided:  October 7, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

## I. INTRODUCTION

¶1     John E. Murphy (Murphy) appeals the judgment entered by the Eighth Judicial District Court, Cascade County, denying his motion to dismiss the charge of failing to keep his registration as a violent offender current.

¶2     We address the following issue on appeal:

¶3     Did the District Court err in denying Murphy's motion to dismiss, as *ex post facto*, the charge of failing to keep his registration as a violent offender current?

¶4     Our decision in *State v. Mount*, 2003 MT 275, ___ Mont. ___, ____P.3d ____, controls the disposition of this issue and we, therefore, affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

¶5     The history of the Sexual and Violent Offender Registration Act (the Act) is set forth in *Mount.*  ¶¶ 5-8.

¶6     On August 28, 1995, Murphy was convicted in California of assault with force, and was sentenced to two years in prison and three years parole.

¶7     In April 1998, Murphy transferred his probationary supervision from California to Montana, at which time he also signed an acknowledgment of his duty to register as a violent offender.  Murphy registered as a violent offender and subsequently updated his address information on August 20, 1999.

¶8     On June 15, 2001, Murphy was charged with failing to keep his registration as a violent offender current, under § 46-23-507, MCA.  Specifically, § 46-23-507, MCA, states:

2

"[a] sexual or violent offender who knowingly fails to register, verify registration, or keep registration current . . . may be sentenced to a term of imprisonment of not more than 5 years or may be fined not more than $10,000, or both."

¶9     On July 10, 2001, Murphy moved for dismissal of the charge of failing to keep his registration as a violent offender current. The District Court denied his motion on September 19, 2001.

¶10     Murphy now appeals the District Court's judgment.

## III. STANDARD OF REVIEW

¶11     In criminal cases, we review a District Court's grant or denial of a motion to dismiss *de novo* as a question of law. *State v. Beanblossom*, 2002 MT 351, ¶ 9, 313 Mont. 394, ¶ 9, 61 P.3d 165, ¶ 9.

## IV. DISCUSSION

¶12     Did the District Court err in denying Murphy's motion to dismiss, as *ex post facto*,
the     charge of failing to keep his registration as a violent offender current?

¶13     Both parties argue the application of the intents-effects test. This test was articulated and applied in *Smith v. Doe* (2003), ___ U.S. ___, 123 S.Ct. 1140, 155 L.Ed.2d 164, and was adopted by this Court in *Mount,* ¶¶ 37-90. Save one, Murphy makes much the same arguments that we addressed in *Mount* and, based on the same rationale stated in *Mount*, we reject those arguments here.

¶14     The one argument raised by Murphy that was not raised in *Mount* is that violent offenders should be treated differently than sex offenders because the pathology and

3

recidivism rate for sex offenders is different than those of violent offenders. We note, however, that this argument was first raised by Murphy in his reply brief. In this regard, the law is well-settled. Arguments and issues first raised in a reply brief are not properly before this Court and will not be considered on appeal. *Smith v. State*, 2000 MT 327, ¶ 29, 303 Mont. 47, ¶ 29, 15 P.3d 395, ¶ 29, *cert denied*, 533 U.S. 917, 121 S.Ct. 2524, 150 L.Ed.2d 696; *State v. Longneck* (1991) 247 Mont. 95, 98, 804 P.2d 1044, 1045 (citations omitted); Rule 23(c), M.R.App.P. Therefore, we decline to address this argument.

## V. CONCLUSION

¶15 The District Court's denial of Murphy's motion to dismiss the charge of failing to keep his registration as a violent offender current is affirmed.

¶16 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE

Justice W. William Leaphart dissenting.

¶ 17    For the reasons set forth in my dissent in *State v. Mount*, 2003 MT 275, I dissent

herein.

/S/ W. WILLIAM LEAPHART